IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY BERNARD EDWARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06-CV-298-MHT |
| | ) |
| ANTHONY CLARK, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S SPECIAL REPORT

COMES NOW Anthony Clark Sheriff of Covington County, a defendant in this action (hereafter, sometimes, "Defendant"), and submits his Special Report to the Court as follows:

### I.    INTRODUCTION

The Plaintiff filed his Complaint in the United States District Court for the Middle District of Alabama on April 4, 2006. In his Complaint, the Plaintiff alleges that he was denied medical attention while an inmate at the Covington County Jail. On April 12, 2006, the Court ordered the Defendant to file a Special Report.

### II.    PLAINTIFF'S ALLEGATIONS

The Plaintiff appears to allege that he was denied medical attention while he was incarcerated at the Covington County Jail in contravention of his Fourth Amendment rights.

### III.     DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendant Anthony Clark denies the allegations made against him by the Plaintiff, as said allegations are untrue and completely without basis in law or fact.

**A.     FACTS**

The Plaintiff in this action, Timothy Bernard Edwards, was arrested for Possession or Marijuana 1, and Trafficking and Possession of Drug Paraphernalia.  (See Inmate Timothy B. Edwards's Inmate File (hereafter, "Inmate File"), attached hereto as Exhibit A and incorporated herein as if fully set forth.)  The Plaintiff was booked into the Covington County Jail on March 22, 2006.  (See Inmate File.)

At the time of the Plaintiff's incarceration, the Covington County Jail had an inmate grievance procedure.  (Affidavit of Anthony Clark dated April 26, 2006 (hereafter, "Clark Aff."), attached herewith as Exhibit B and incorporated herein as if fully set forth, at ¶ 4.)  Grievances were required to be in writing and could be filed with any member of the jail staff.  Id.  Jail policy provided an exception that allowed emergency grievances to be made orally.  Id.  Copies of all written grievances were placed in the inmate's file.  Id.  It was a violation of jail policy to deny an inmate access to the grievance procedure.  (Clark Aff. at ¶ 6.)  The Plaintiff was aware of the grievance procedure.  (Clark Aff. at ¶ 5.)

The Covington County Commission has contracted with Southern Health Partners, Inc. (hereafter, "SHP") to provide all health care related services for the inmates of the Covington County Jail.  (Clark Aff. at ¶ 9.)  Accordingly the jail staff, including Sheriff Clark, have no authority or control over the provision of such services, and rely on the training and expertise of SHP for such services.  (Clark Aff. at ¶¶ 9-11.)  However, jail staff are instructed to contact the SHP nurse if an inmate is in obvious distress.  (Clark Aff. at ¶ 10.)  The jailers are required to

2

follow any instructions given by the nurse.  Id.  If a jailer believes he is confronting an obvious emergency, he has full authority to summon an ambulance to take an inmate to Andalusia Regional Hospital.  Id.

At the time Plaintiff was incarcerated in the Covington County Jail (March 22, 2006) he was examined by jail medical personnel, who noted on a Medical Screening Form that Plaintiff was not injured pursuant to his arrest.  (Inmate File; Medical File of Timothy B. Edwards (hereafter, "Medical File"), attached herewith as Exhibit C and incorporated herein as if fully set forth.)  Further, a physical assessment completed at the time of Plaintiff's incarceration indicates that he appeared, in all respects, "o.k.," and that the Plaintiff informed the jail nurse that he suffered from back aches at times.  (Medical File.)  However, on March 24, 2006, two days after his arrest, Plaintiff filed a Sick Call Slip complaining that he suffered from "real bad headaches," back pain, shortage of breath, sore legs, and a skinned hip, which he appears to claim are a result of his arrest.  Id.  This Sick Call Slip was received by the jail medical staff on March 25, 2006, and the Plaintiff was examined by a jail nurse on March 27, 2006.  Id.  As a result of that examination, the Plaintiff was prescribed Ibuprofen and Robaxin, both for pain relief.  Id.

Defendant Sheriff Anthony Clark is not a trained medical professional.  He has no training or other means of determining the appropriate medical care for inmates.  Sheriff Clark relies on Southern Health Care to provide appropriate medical care for jail inmates.  (Clark Aff. at ¶ 10.)  Further, Defendant Sheriff Anthony Clark has no personal involvement in the day-to-day operations of the Covington County Jail.  (Clark Aff. at ¶ 8.)  He has delegated these responsibilities to the jail administrator.  Id.  Sheriff Clark has no personal knowledge of the facts of the Plaintiff's Complaint.  (Clark Aff. at ¶ 3.)

B.     LAW RELATING TO THE PLAINTIFF'S ALLEGATIONS

    1.     **The Plaintiff's Claims are Barred by the Prison Litigation Reform Act for Failure to Exhaust Administrative Remedies.**

The Prison Litigation Reform Act requires exhaustion of all available administrative remedies *before filing a lawsuit* under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (2005). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. As a result, his claims are barred.

First, the Plaintiff failed to properly utilize the grievance procedure provided at the local level in the Covington County Jail to address his claims. (Clark Aff. at ¶ 7.) The Covington County Jail had a grievance procedure. (Clark Aff. at ¶ 4.) The Plaintiff never filed a grievance related to any of his claims. (Clark Aff. at ¶ 7.)

Second, the Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies). Alabama law provides the opportunity to file a claim and proceed before the Alabama State Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq.

As state officials, both sheriffs and jailers enjoy sovereign immunity from suit under Article I, § 14 of the Alabama Constitution. Turquitt, 137 F.3d at 1288-89. Consequently, a claim for monetary damages against these Defendants is, in essence, a claim against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Because both the Covington County Jail and the State provided administrative remedies that the Plaintiff failed to exhaust, the Plaintiff's claims are barred by 42 U.S.C. § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27

4

(11th Cir. 1998) (affirming dismissal of present action due to failure to exhaust administrative remedies).

### 2. Sheriff Clark, in His Official Capacity, Is Entitled to Judgment in His Favor as a Matter of Law.

In his Complaint, the Plaintiff has not designated whether he is suing Sheriff Clark in his official or individual capacity. Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims. Additionally, Sheriff Clark, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.

#### (a) All official capacity claims against this Defendant are barred by the Eleventh Amendment to the United States Constitution.

The Plaintiff's official capacity claims are due to be dismissed for lack of subject matter jurisdiction. Sheriff Clark, in his capacity as Sheriff of Covington County, is an executive officer of the State of Alabama. Therefore, a suit against Sheriff Clark, in his official capacity, is a suit against the State of Alabama. See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66. Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity). Thus, this Court lacks subject matter jurisdiction over these claims.

   **(b)**  **Sheriff Clark, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.**

  42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Thus, any claims against Sheriff Clark, in his official capacity, are due to be dismissed because he is not a "person" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted. <u>Id.</u>; <u>Carr</u>, 916 F.2d at 1525 n.3 (citing <u>Will</u> and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

  **3.**  **Sheriff Clark Is Entitled to Qualified Immunity.**

  In his individual capacity, Sheriff Clark is entitled to qualified immunity and a dismissal of Plaintiff's claims unless he violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known. <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1424 (11th Cir. 1997). Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. <u>Ansley v. Heinrich</u>, 925 F.2d 1339, 1345 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." <u>Lassiter v. Alabama A & M Univ.</u>, 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted). In the light of pre-existing law the unlawfulness must be apparent. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Mere statements of broad legal

6

truisms, without more, are not sufficient to overcome qualified immunity.  Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights?  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of this Defendant was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997).  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."  Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

The instant Plaintiff alleges that he was denied medical care.  Sheriff Clark is entitled to judgment in his favor as a matter of law on these claims for three reasons.  First, Sheriff Clark's policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff.

7

Second, Sheriff Clark did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations. Third, no clearly established law provided Sheriff Clark with "fair warning" that his conduct was unlawful.

### (a) The Plaintiff did not suffer from an objectively serious medical need.

The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Jail officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). A claim is stated only where the conditions of confinement pose a risk to the health or safety of an inmate and the defendant official is deliberately indifferent to that risk. Farmer, 511 U.S. at 837.

A constitutional violation under the Eighth Amendment for denial of medical care is stated where the facts tend to show that a jail official was deliberately indifferent to the serious medical needs of an inmate. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Plaintiff must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must show an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, the Plaintiff must demonstrate that the Defendants acted, or failed to act, with an attitude of "deliberate indifference" to that serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official cannot be deliberately indifferent to an excessive risk to an inmate's health unless he is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draws[s] the inference." Farmer, 511 U.S. at 837. In the instant case, the Plaintiff has failed to allege any facts tending to show that this Defendant knew of a serious medical condition.

The Plaintiff's Complaint alleges only that he was "suffering pain" and "needs to go to a hospital for medical treatments." (See, Complaint.) The Plaintiff fails to allege any specifics regarding the pain he is suffering, or what type of medical treatment he needs. Consequently, it is difficult to answer his allegations. While it is possible that the Plaintiff's medical condition *could* become a serious medical need, it was not at the time of his incarceration. The Plaintiff's intake records indicate that he was not injured during his arrest, that he suffered no visible injury at the time he entered the jail, and that he did not complain of any injury at that time. (Inmate File; Medical File.) It is significant to note that the Plaintiff himself signed the Medical Screening Form and the Medical History and Physical Assessment Form. Id. Obviously, at the time he did not consider himself to have a serious medical need. Several days later he complained of pain in his head, back, legs and hip. Id. At that time, he was examined by qualified medical personnel and treated with pain relievers. Id.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has

9

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments"). The Plaintiff has not alleged any facts to show that he has been in danger of serious injury. Consequently, he cannot show an objectively serious medical need for purposes of this lawsuit.

**(b)    Even if the Plaintiff had an objectively serious need, Sheriff Clark was not deliberately indifferent.**

This Defendant was not deliberately indifferent to any objectively serious need that could be construed in the Plaintiff's Complaint. In order to be deliberately indifferent, an official must both know of a serious risk of harm and disregard it. Farmer, 511 U.S. at 837. There is absolutely no evidence, and Plaintiff does not allege, that Sheriff Clark knew of the Plaintiff's condition. In fact, the Plaintiff fails to allege that Sheriff Clark made any decision regarding the Plaintiff's treatment whatsoever. Therefore, it is difficult to understand why he has been made a defendant in this lawsuit.

Sheriff Clark has delegated the day-to-day operation of the Covington County Jail to the jail administrator. (Clark Aff. at ¶ 8.) Further, the Covington County Jail has contracted with Southern Health Partners for the provision of medical care to inmates. (Clark Aff. at ¶ 9.) Nevertheless, the course of treatment set forth in the facts above clearly prove that the jail staff was not indifferent to the Plaintiff's medical conditions and needs.

Finally, the Covington County Jail staff, including Sheriff Clark, does not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. (Clark Aff. at ¶ 10.) While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at

10

847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Assuming, *arguendo*, that the jail's medical staff in some way did not properly respond to the Plaintiff's medical complaints, this Defendant has not been deliberately indifferent. The Covington County Jail staff is ***required*** to rely upon the jail medical staff – SHP. They cannot supplant their untrained opinion for that of medical professionals.

**(c)** **The policies and customs of the Sheriff's Department and Covington County Jail have not caused the Plaintiff's alleged injuries.**

The Eleventh Circuit applies a three-prong test that the Plaintiff must satisfy to establish supervisory liability: (1) the supervisor's actions, either in training, promulgating policy, or otherwise, were deliberately indifferent to the Plaintiff's rights; (2) a reasonable person in the supervisor's position would know that his or her actions were deliberately indifferent; and (3) the supervisor's conduct was causally related to the subordinate's constitutional infringement. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990); see also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of *respondeat superior* or vicarious

liability." Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted). The causal connection may be established where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989) (emphasis added). The Complaint fails to allege facts supporting any of these elements, and there is no evidence to support the allegations even if they were made.

The Plaintiff has not alleged that Sheriff Clark personally played any role in his medical treatment, and has failed to state, how Sheriff Clark has deprived him of medical attention. The Plaintiff has not made any allegations with respect to training deficiencies of the deputies or the jail staff. Accordingly, the only way the Plaintiff may state a claim against this Defendant is in his roles as policymaker for the sheriff's department or the jail. See Crawford, 906 F.2d at 671.

Sheriff Clark has put into place procedures for providing medical care to inmates. (Clark Aff. at ¶¶ 9-11.) An official cannot be held liable just for instituting a facially constitutional policy. See City of Canton v. Harris, 489 U.S. 378, 387 (1989). The policies put in place by this Defendant are constitutionally sound and did not cause the Plaintiff's alleged injuries. The Covington County Jail provides necessary medical care to inmates. The jail contracts with a medical care company to provide care to inmates. This policy exceeds the requirements of the Eleventh Circuit. See Free, 887 F.2d at 1556 (stating a jail "policy" of having no doctor or nurse on staff was not constitutionally deficient). The jail has a regularly scheduled inmate sick-call procedure. The jail staff is required to comply with the instructions of the jail medical staff. Sheriff Clark played no role in those instructions, and cannot be held liable for them.

**(d)   No clearly established law provided Sheriff Clark with "fair warning" that his conduct was unlawful.**

Before stripping an official of qualified immunity, clearly established law must provide "fair warning" to the official that his or her conduct was illegal. <u>Willingham</u>, 321 F.3d at 1301. As previously made plain, the conduct of this Defendant was in accordance with clearly established law. The Plaintiff is not constitutionally entitled to any particular type of treatment. <u>City of Revere</u>, 463 U.S. at 246. Sheriff Clark and the jail staff are entitled – even required – to rely on the opinions and orders of doctors and other health care providers with more education, training, and experience. <u>Meloy</u>, 302 F.3d at 845. As the Plaintiff cannot show a constitutional violation of clearly established law, Sheriff Clark is entitled to qualified immunity. See <u>Saucier</u>, 533 U.S. at 201.

### IV.   MOTION FOR SUMMARY JUDGMENT

**A.   Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. <u>Greason</u>, 891 F.2d at 831. However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" <u>Reeves</u>, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[1] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker;

---

[1] Although <u>Reeves</u> was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary

13

bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### B.   Motion for Summary Judgment

Sheriff Clark respectfully requests that this honorable Court treat this Special Report as a motion for summary judgment and grant unto him the same.

Respectfully submitted this 31st day of May, 2006.

> s/Scott W. Gosnell
> Scott W. Gosnell, Bar Number: GOS002
> Attorney for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Road
> P.O. Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  sgosnell@webbeley.com

### CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

> Timothy Bernard Edward
> Covington County Jail
> 290 Hillcrest Drive
> Andalusia, Alabama  36420

> s/Scott W. Gosnell
> OF COUNSEL

---

judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).