| State of Alabama Unified Judicial System | RELEASE QUESTIONNAIRE | Case Number |
|---|---|---|
| Form C-52(f) (front)   11/92 | | WR  –       – |

IN THE _____DISTRICT_____ COURT OF _____COVINGTON_____ ALABAMA
(Circuit, District, or Municipal)        (Name of Municipality or County)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____

v. __Timothy Edwards__

_____, Defendant

**FOR THE PURPOSE OF DETERMINING CONDITIONS OF PRE-TRIAL RELEASE IN THIS CASE, THE COURT MAY TAKE INTO ACCOUNT THE FOLLOWING:**

1. Where do you presently reside? __1005 Barnes St., Opp, AL__
   How long have you lived at that address? __2 yrs.__ If you have lived there less than one (1) year,
   where was your previous residence _____
   How long did you reside at your previous residence? _____

2. (a) Are you presently employed? __no__ If so, by whom? _____
   What is the nature of your job? _____
   If you have been employed less than one (1) year, where were you previously employed? _____
   What was the reason for your leaving? _____ How long did you work there? _____
   (b) What is your social security number? __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__
   (c) If you have not completed an indigency questionnaire, what is your approximate present net worth (value of all assets owned by you less all liabilities and debts owed by you)?
   Assets of $ _____
   Minus Liabilities of $ _____
   Equals a Net Worth of $ _____

3. (a) Are you married? __no__ Do you and your spouse live together? _____
   been married? _____ Have you been married before? __no__ How long have you
   By _____ (divorce or death). If so, how was the marriage ended? _____
   (b) Do you have children? __no__ If so, how many and what are their ages? _____
   Do they reside with you? _____ If not, list the names and addresses of living children not residing with you:
   (If there are more names, please continue on an attached separate sheet of paper with the following information.)
   (Name) _____ (Address) _____ (Telephone Number) _____
   (Name) _____ (Address) _____ (Telephone Number) _____
   (c) Does any other member of your family reside in the same household? __no__ Relationship: _____
   (d) The names and address(es) of your nearest living relatives not residing with you:
   (If there are more names, please continue on an attached separate sheet of paper with the following information.)
   (Name) __Johnnie Bell Henderson (sister)__ (Address) __Opp, AL__ (Telephone Number) _____
   (Name) _____ (Address) _____ (Telephone Number) _____

4. Who in the community where you reside can vouch for your character, reputation, and reliability?
   (Name) _____ (Address) _____ (Telephone Number) _____
   (Name) _____ (Address) _____ (Telephone Number) _____
   (Name) _____ (Address) _____ (Telephone Number) _____

5. Do you have any health problems? _____ If so, specify what problems. _____

Form 22 (Back)    11/92

RELEASE QUESTIONNAIRE    **Timothy Edwards**

6. (a) Have you ever been arrested before? __yes__    If so, indicate date, county, state, charge and disposition:

| DATE | COUNTY | STATE | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2003 | COV | AL | POM 2 - opp city | guilty |
| | COV | AL | TOP - opp city maybe transferred to courthouse as felony | guilty |

Are any of these cases pending? __no__    If so, list the charges and courts where pending:

| CHARGE | COURT |
|---|---|
| | |

(b) Have you ever been released from a prior arrest on bail or on your personal recognizance? __yes__ . If so, list when and where:

(c) Have you ever been arrested for not appearing in court or ever had a bond or release revoked? __no__ . If so, list when and where:

(d) Do you presently owe any unpaid court costs, fines, assessments or restitution? __yes__ . If so, list amount(s) owed and the name of the court (s):

| AMOUNT | COURT |
|---|---|
| $ ? | opp city circuit court |
| $ | |

I HAVE BEEN ADVISED THAT CORRECT AND TRUTHFUL ANSWERS TO THE FOREGOING QUESTIONS ARE NECESSARY IN ORDER FOR THE COURT TO MAKE A DETERMINATION OF WHETHER TO GRANT MY RELEASE. I HAVE NOTICE THAT FALSE STATEMENTS ARE PUNISHABLE AS PERJURY.

Date: 3-24-2006

X _____
Defendant

_____
Social Security Number

_____
Address

_____
Telephone Number:

| State of Alabama<br>Unified Judicial System<br>Form C-80   Rev. 8/2000 | ORDER<br>ON INITIAL APPEARANCE | Case Number<br>6-2-158-159<br>6-363 |
|---|---|---|

IN THE _DISTRICT_ COURT OF _COVINGTON_, ALABAMA
    (Circuit, District or Municipal)     (Name of County or Municipality)

☑ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. _Timothy Edwards_
                                                                                     Defendant

The above-named defendant, charged with the criminal offense(s) of _Trak, POMI, VDRI_
was duly brought before the Court for initial appearance on _3-24-06_, at _2:37_ o'clock _P_.m.,
whereupon the Court did the following, as checked in the appropriate blocks:
(CHECK AS APPLICABLE):

☑ 1. Name and address of defendant.
    ✓ (a) Ascertained the true name and address of the defendant to be:
    ___ (b) Amended the formal charges to reflect defendant's true name.
    ✓ (c) Instructed the defendant to notify the Court promptly of any change of address.

☑ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☑ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her. Defendant ☐ requested ☐ did not request court-appointed counsel. If requested counsel, defendant ☐ was ☐ was not given a copy of the Affidavit of Substantial Hardship to complete in order for indigency to be determined.

☑ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☑ 5. Bail
    ___ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
    ✓ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:
        ___ 1.) Execution of an appearance bond (recognizance) in the amount of $_____
        ✓ 2.) Execution of a secured appearance bond in the amount of $ _2,000,000_
                                                                                                  250,000
        ___ 3.) Other conditions (specify) _____
                                                                                                   20,000

☑ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☐ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____,
an _____ (date) at _____ o'clock ____.m.
    ___ (a) Notified the District Court that such demand was made.
    ✓ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____

_3-24-2006_                                             _Patricia Hudson_
Date                                                             Judge/Magistrate

PC-06-842-843

| State of Alabama<br>Unified Judicial System<br>Form C-62A  Rev. 7/2000 | **ATTORNEY'S FEE DECLARATION**<br>(Adult)<br>[For Work Performed On or After 10/1/2000] | County Code<br>20 __ | Case Number<br>WR2006-2-158 & 159<br>Jurisdiction  Year  Case#  Suffix |
|---|---|---|---|

**Mark Appropriate Court:**
- ☐ Circuit Court of _____ County
- ☒ District Court of Covington County
- ☐ Municipal Court of _____
- ☐ Alabama Court of Criminal Appeals
- ☐ Alabama Court of Civil Appeals
- ☐ Supreme Court of Alabama

**Indicate if Original Charge is:**
Capital Case (or charge carrying sentence of life without parole)
Class A Felony
Class B Felony
Class C Felony
Other
Appeal
Petition for Writ of Certiorari
Post-Conviction/Habeas Corpus

**Limits:**
☐ (No Limit) CC
☐ ($3,500) FA
☐ ($2,500) FB
☐ ($1,500) FC
☐ ($1,000) OT
☐ ($2,000) AP
☐ ($2,000) WC
☐ ($1,000) PC

**Attorney Name (Please type or print)**
Francis M. Chirico

63-1186369
Social Security Number or FEIN

**STYLE OF CASE:** ☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____
v. Timothy Edwards
Defendant

**CHARGE:** Poss Controlled Substance, Poss Drug Para, Poss of Marij

Companion case numbers and charges or convictions: _____

The undersigned attorney declares that on (date) 3-39-06, the Honorable Frank McGuire, Judge, appointed the undersigned to represent the above-named defendant or appellant, and on (date) 4-13-06 the case was heard by the Honorable Frank McGuire, Judge. The case was disposed of by Defendant Retained Counsel
(Plea of guilty, conviction, acquittal, affirmance, reversal, cert. denied)

(1) In-Court Appearance (Trial Level or Post-Conviction Proceeding)   Total Hours 5 x $60.00 per hour = 30.00
(2) Out-of-Court Preparation (Trial Level or Post-Conviction Proceeding)   Total Hours 2.2 x $40.00 per hour = 88.00
(3) Preparation (Appellate Level)   Total Hours __ x $60.00 per hour = __
(4) Extraordinary Expenses (If approved in advance by court)   Mileage 90 @ .485 = 43.65
(5) Overhead Expenses (If approved in advance by court)   Total Hours 2.7 x $30 Per hour = 81.00
TOTAL CLAIM OF ATTORNEY  242.65

**NOTICE TO ATTORNEY:** Complete this form. Attach a copy of a complete itemization of (1) in-court appearances; (2) out-of-court preparation; (3) preparation for appeals; (4) extraordinary expenses; and/or (5) overhead expenses reflecting the date of actions and amount of time involved in each activity. Make a copy of same for the court's record and a copy for your records.

The undersigned attorney further declares that the above claim is true and correct and represents the services actually rendered by him/her as an attorney and the amount is due and payable. I further declare that the above claim is not a duplication of charges and expenses in any case (companion or otherwise).

Signature of Attorney
Attorney Code CHI 020

Sworn to and subscribed before me this 24 day of Apr 06
Francene C. Irinda
Notary Public

Mailing Address of Attorney
(please type or print) (including city, state, and zip code)
11790 Highway 125
Elba, AL 36323

Telephone Number 334-897-6361  Fax Number 334-897-2383

I, the undersigned judge, hereby certify that the foregoing claim has been presented to me, and I have reviewed the same and believe the same to be true and correct. I am further of the opinion that said attorney is not duplicating said charges and expenses in any case (companion or otherwise).

Based on the above, I hereby approve the declaration and claim in the amount of $ 242.65
Done this 25th day of April, 2006
Judge's Signature

**NOTICE TO ATTORNEY AND JUDGE:** Sections 15-12-21 through 15-12-23, Code of Alabama 1975, provide for the payment of attorney fees and extraordinary expenses incurred by counsel appointed to represent indigent defendants at the trial level, on appeal (including petition for writ of certiorari to the Alabama Supreme Court) and in post-conviction proceedings.

THIS FORM MUST CONTAIN ORIGINAL SIGNATURES OF THE ATTORNEY AND THE JUDGE. THIS FORM WITH ATTACHED ITEMIZATION MUST BE SUBMITTED TO THE TRIAL COURT JUDGE OR PRESIDING JUDGE OR CHIEF JUSTICE OF THE APPELLATE COURT FOR APPROVAL. AFTER APPROVAL, FILE WITH THE CLERK, WHO SHALL SUBMIT THE ORIGINAL DECLARATION TO THE STATE COMPTROLLER (EXCEPT IN MUNICIPAL CASES) FOR AUDIT.

Filed in the Clerk's Office at _____, Alabama, on _____

FILED IN OFFICE
APR 25 2006

EXCEPT IN MUNICIPAL CASES, MAIL TO: State Comptroller, Indigent Defense Section, P. O. Box 302602, Montgomery, Alabama 36130-2602

Original: Comptroller    Yellow: Court File    Pink: Attorney

## STATE OF ALABAMA VS. TIMOTHY EDWARDS

## CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

CASE NO: WR-2006-2-158 &159          CHARGE: Poss of Control Substance
                                              Poss Drug Par & Marij

### IN COURT

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 4-13-06 | Preliminary hearing/ Hearing waived and defendant retained counsel | .5 |

.5 IN COURT HOURS X $60.00 PER HOUR=$30.00

### OUT OF COURT

| DATE | DESCRIPTION | | HOURS |
|---|---|---|---|
| 3-29-06 | Open file | | .3 |
| 4-13-06 | Travel to and from court | | 1.7 |
| 4-13-06 | Mileage to and from court | 90 miles @ .485 | |
| 4-13-06 | Close file | | .2 |

2.2 OUT OF COURT HOURS X $40.00 PER HOUR =$88.00
2.7 OVERHEAD EXPENSE HOURS X 30.00 PER HOUR = $81.00
90 MILES X .485 = $43.65

| | |
|---|---|
| IN COURT: | $30.00 |
| OUT OF COURT: | $88.00 |
| MILEAGE | $43.65 |
| OVERHEAD EXPENSE: | $81.00 |
| TOTAL CLAIM | $242.65 |

Francis M. Chirico
CHI 020
Attorney at Law
11790 Highway 125
Elba, Alabama 36323
(334) 897-6361
(334) 897-2383 Fax

FILED IN OFFICE

APR 2 5 2006

CLERK

IN THE CIRCUIT COURT FOR THE 22ND JUDICIAL CIRCUIT

In Ex parte May the Court of Criminal Appeals held that the office overhead of a lawyer appointed to defend an indigent in a criminal case should be allowed as an extraordinary expense upon the filing of an appropriate motion. In light of the many criminal and juvenile cases pending in the 22nd Judicial Circuit, we find that the filing of individual motions and the signing of corresponding orders will involve an excessive administrative burden on court personnel, as well as increasing the cost of indigent defense. We have determined that $30.00 per hour represents a presumptively reasonable charge for office overhead based on actual cost figures submitted to us. We have therefore entered the following order, applicable in the circuit court and in the district court in all cases where the court appoints indigent counsel.

1. Effective immediately without the need for the filing of an individual motion, court appointed counsel in indigent cases at the trial and appeal de novo levels are authorized to charge $30.00 per hour, whether in or out of court, as the cost of office overhead.

2. The statutory cap on compensation for indigent counsel does not apply to the amount set in the preceding paragraph.

3. The clerk will prepare an appropriate number of copies of this order for the use of appointed counsel. In filing fee declarations, appointed counsel will attach copies of this order to their submission. A photostatic copy hereof shall be treated for all purposes the same as the original.

ORDERED this 4th day of February, 2004.

M. ASHLEY MCKATHAN
PRESIDING CIRCUIT JUDGE

CHARLES A. SHORT
CIRCUIT JUDGE

FRANK L. MCGUIRE, III
DISTRICT JUDGE

FILED IN OFFICE
FEB 0 4 2004
CLERK

IN THE DISTRICT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| Plaintiff, | * |
| VS | *   Case No.: |
| TIMOTHY EDWARDS, | *   DC-2006-842 |
| Defendant. | * |
| | * |

ORDER CONTINUING PRELIMINARY HEARING

It is ORDERED that the Preliminary Hearing in this cause is continued to Tuesday, May 16, 2006 at 1:30 P.M.

It is further ORDERED that copies of this order be furnished to the District Attorney's Office and to Honorable Joe Sawyer, Jr.

DONE and ORDERED this 2nd day of May 2006.

_____
Frank L. McGuire, III
District Judge

FILED IN OFFICE
MAY 2 2006

_Roy A. Powell_
CLERK

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | IN THE DISTRICT COURT OF |
| PLAINTIFF | * | COVINGTON COUNTY, ALABAMA |
| VS. | * | |
| TIMOTHY EDWARDS, | * | CASE NO. DC-2006-842[1] |
| TYREASE EDWARDS, | * | CASE NO. DC-2006-845[2] |
| RAMONA WOMACK, | * | CASE NO. DC-2006-851[3] |
| DEFENDANT. | * | |

**FILED IN OFFICE**

MAY 16 2006

*Rxx A Pxxx*
CLERK

### ANSWER TO MOTION FOR DISCOVERY PERTAINING TO PRELIMINARY HEARING[4]
### AND
### REQUEST FOR DISCOVERY

Comes now the State of Alabama, by and through its Assistant District Attorney, Walt M. Merrell, III, and **both answers** the defendant's Motion for Discovery **and requests** discovery from the defendant under Rule 16, Ala.R.Crim.P., as follows:

---

[1] These filings also equally apply to cases no. DC-2006-843 and 844 and should be treated by counsel as if filed in said matters as well. As all of these matters are related and are scheduled to be heard during the same preliminary hearing, the State files in only the above styled cause to avoid repetitive and duplicitous filings that, if the charges are true billed, will ultimately be contained in one court file.

[2] These filings also equally apply to cases no. DC-2006-846 and 847 and should be treated by counsel as if filed in said matters as well. As all of these matters are related and are scheduled to be heard during the same preliminary hearing, the State files in only the above styled cause to avoid repetitive and duplicitous filings that, if the charges are true billed, will ultimately be contained in one court file.

[3] These filings also equally apply to cases no. DC-2006-852 and 853 and should be treated by counsel as if filed in said matters as well. As all of these matters are related and are scheduled to be heard during the same preliminary hearing, the State files in only the above styled cause to avoid repetitive and duplicitous filings that, if the charges are true billed, will ultimately be contained in one court file.

[4] Counsel is put on notice that this case is still under investigation and preparation for presentation to the Covington County Grand Jury. The existence of any additional items that are within the scope of Rule 16 that become available prior to the hearing will be made known to counsel pursuant to Rule 16.3. Further, the State's response to this motion is in no ways to be interpreted as an equivalent to a pre-trial response to discovery and such future response should not be limited by the response to the motion filed for this hearing. In like manner, the State will not amend discovery once the preliminary hearing has been held; i.e., the State does not recognize the defendant's motion for discovery filed for the preliminary hearing as being the same as a motion for discovery filed before trial as these are motions filed in two separate courts pertaining to separate judicial hearings held for two separate reasons and, potentially, regarding different charges. Once the defendant is indicted, the State will respond per the rules to a discovery motion filed properly with the Circuit Court.

FILED IN OFFICE

MAY 16 2006

REQUEST FOR DISCOVERY

Comes now the State of Alabama, by and through its Assistant District Attorney, Walt M. Merrell, III, and requests that the defendant, pursuant to Rule 16.2, Ala.R.Crim.P.:

1. Permit the State to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, places, or portions of any of these things, which are within the possession, custody or control of the defendant and which the defendant intends to introduce in evidence at the trial.

2. Permit the State to inspect and copy any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this case, which are within the possession or control of the defendant and which he intends to introduce in evidence at the trial or which were prepared by a witness whom the defendant intends to call at the trial, if the results or reports relate to the witness's testimony.

The State moves the Court to order that the defendant comply with said request.

ANSWER TO DEFENDANT'S REQUESTED DISCOVERY

Comes now the State of Alabama, by and through its Assistant District Attorney, Walt M. Merrell, III, and, pursuant to Rule 16, Ala.R.Crim.P., answers the defendant's motion for discovery filed in relation to the preliminary hearing pending in the above-styled cause, as follows:

A. 1. The State has in its custody and control an audio tape of statements made by Ramona Womack. The State is also in the process of determining whether or not there are any video tapes from any patrol cars that responded to the scene. If such a video tape becomes available, the State will give Notice of the same to the Defendants. Otherwise, the District Attorney's office will arrange for defense counsel to listen to and/or dub a copy of the tape(s) upon request and receipt of a blank tape.

2. The following is the substance of an oral statement made by the defendant, to-wit: Womack was advised of her Miranda warnings. She said she understood those warnings and