IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BERNARD EDWARD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:06cv298-MHT |
| | ) | (WO) |
| ANTHONY CLARK, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER AND OPINION

On January 30, 2007, this court entered both an order and a judgment, the first adopting the magistrate judge's January 11 recommendation that this case be dismissed for plaintiff Timothy Bernard Edward's failures to prosecute this action and comply with the orders of the court and the second dismissing this case without prejudice; the court noted that Edward had not filed an objection to the recommendation within the time allowed.

On January 31, 2007, Edward filed an objection to the January 11 recommendation. While the objection comes

after the order and judgment, the court can, and now does, consider the objection on the merits by treating it as a timely motion for reconsideration. The court has carefully reviewed the motion for reconsideration and concludes that it should be denied as not well taken for the reasons that follow.

On or about July 21, 2006, the court entered an order which placed Edward on notice that he should file a response to defendants' special reports. The order further informed Edward that his failure to file the required response would result in the court's treatment of his failure as "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." The order went on to inform Edward that his failure to file a response would result in a recommendation that this case be dismissed.

On August 17, 2006, the court granted Edward's request for additional time to respond to defendants' special reports.

On September 11, 2006, the court granted Edward an additional time, to September 20, to file his opposition.

On October 3, 2006, because the docket reflected an absence of any opposition filing by Edward, the magistrate judge entered a recommendation that the case be dismissed for Edward's failures to prosecute this action and comply with the orders of the court. Edward filed an objection to this recommendation, and, on October 24, the court entered orders directing that the recommendation be vacated and that Edward be granted yet another opportunity, until November 3, 2006, to file his opposition.

On January 11, 2007, the court entered another recommendation that Edward's case be dismissed for want of prosecution. Edward failed to file any pleading with the court between the court's October 24 orders granting him another opportunity to file his opposition and the January 11 recommendation. Only when he received his copy of the January 11 Recommendation did he deign to

3

file a communication with the court wherein he once again asks the court to refrain from dismissing his case.

If, as Edward suggests in his motion for reconsideration, he has not filed his opposition because he has had trouble receiving or retrieving documents previously filed in this case, it is unclear why he can inform the court of these alleged obstacles only on pain of learning that his case has been or is about to be dismissed. Edward also complains of ignorance and unavailability of legal assistance. He fails to convincingly show, however, why he filed nothing with the court for over a two-month period--a more than sufficient amount of time within which he could have, at the least, requested additional time to file his response, requested assistance from the court in obtaining documents pertinent to his case, or simply filed some type of pleading purporting to show a continued interest in the prosecution of this matter.

At this juncture, the court is simply not persuaded that granting Edward's motion is warranted or prudent in light of the case history. Edward is reminded that the dismissal of his case is without prejudice and, therefore, he is not barred from re-filing his complaint when and if he finds himself in a position to prosecute it properly and comply with the orders of the court.

Accordingly, it is ORDERED as follows:

(1) Plaintiff Timothy Bernard Edward's objection (Doc. No. 36) is treated as a motion for reconsideration.

(2) Plaintiff Edward's motion for reconsideration (Doc. No. 36) is denied on the merits.

DONE, this the 2nd day of February 2007.

　　　　　　　　　　　　　　／s／ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE